IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RANDY MEDLOCK**                                                       **PLAINTIFF**

**VS.**                                    **CASE NO. 3:05CV00030 GH**

**CAROL BOOZER AND DICK**
**MOORE MOBILE HOMES**                                    **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr..  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

The motion of defendants Carol Boozer and Dick Moore, Inc., to dismiss this case was referred to the undersigned for recommended disposition. We now consider the motion.

In reviewing a motion for dismissal for failure to state a claim, we follow the accepted rule that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). We also note that this action was filed *pro se*, and we hold

such complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Toombs v. Hicks*, 773 F.2d 995, 997 (8th Cir. 1985).

In this case, Mr. Medlock alleges in his complaint that the defendants' have violated his civil rights. Specifically, Mr. Medlock stated he was arrested on March 23, 2004, by West Memphis, Arkansas, police officers. Liberally construing the complaint, Medlock states that he was wrongfully arrested and detained for nine months on the charges of commercial burglary and theft. The arrest was based, at least in part, upon an affidavit submitted to the police by defendant Carol Boozer, according to the plaintiff. Boozer is an employee of Dick Moore Mobile Home, Inc., the business that was allegedly burglarized, and the affidavit is attached to the complaint in this case. Mr. Medlock claims he was detained "under false pretest" and the detention caused a "great deal of emotional upset during the period of detained." Complaint, p. 3. In attachments to the complaint, it appears that Mr. Medlock offered an alibi to the charges, claiming that he was at Fitzgeralds Casino/Hotel in Tunica, Mississippi, when the burglary occurred. On December 22, 2004, on the motion of the prosecutor, the charges against Mr. Medlock were *nolle prossed.*

The defendants claim Mr. Medlock has failed to state a claim upon which relief can be granted, and seek dismissal. The defendants are correct, and we recommend that their motion to dismiss be granted.

Section 1983 of Title 42, United States Code, provides for liability when there is injury by a person, who acts under color of state law. In this case, Mr. Medlock does not allege that Carol Boozer or Dick Moore, Inc., acted under color of state law. To the contrary, it alleged only that Carol Boozer executed an affidavit for the West Memphis police department, and Dick Moore,

Inc., is noted only to be the business that was victimized by a crime. While we liberally construe the *pro se* complaint, there are no facts to suggest some conspiracy by Carol Boozer or Dick Moore, Inc., with state actors. In order to state a §1983 claim against Boozer and Dick Moore, Inc., Mr. Medlock would need to plead and prove that these defendants, who are private actors, jointly acted with the state or its agents to injure the plaintiff. Mr. Medlock has not offered any facts to this end. A private party's execution of an affidavit is, without more, not enough to show some conspiracy transforming the private actor into a state actor for the purpose of section 1983. *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997).

For the foregoing reasons, we recommend the motion to dismiss by defendants Carol Boozer and Dick Moore, Inc., be granted, and the case dismissed.

IT IS SO RECOMMENDED this  22   day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE